UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION


GEORGE WALCOTT, ET UX                    CIVIL ACTION 07-0257


VERSUS                                   U.S. DISTRICT JUDGE DEE DRELL


SAFECO INSURANCE COMPANY, ET AL
                                   U.S. MAGISTRATE JUDGE JAMES D. KIRK

REPORT AND RECOMMENDATION

Before the court is plaintiffs' motion to remand, **Doc. #11**, referred to me by the district

judge for report and recommendation.

This is a  suit in which plaintiffs claim damages due to an automobile accident in a

parking lot in Texas in which defendant Scott backed her vehicle into a truck occupied by George

Walcott.  Suit was filed in state court in Avoyelles Parish against Safeco Insurance Company

(Safeco) the alleged liability insurer of Scott, and against Farmers Insurance Exchange (Farmers),

the alleged uninsured motorist insurance carrier for George Walcott. The case was timely

removed by the defendants to this court based on diversity jurisdiction. Defendants stated, in the

notice of removal, that complete diversity exists and, reciting plaintiffs' claimed damages set

forth in their state court petition, that the damages exceed $75,000, the jurisdictional threshold of

this court.

Plaintiffs move to remand asserting that there does not exist complete diversity of

1

citizenship because of state law venue rules and solidary obligor rules. Further, plaintiff suggests that the UM carrier's domicile for diversity purposes is that of its insured, the plaintiff, and that destroys diversity. Plaintiff also asserts that defendants have failed to prove the amount in dispute exceeds $75,000 and, by affidavit attached to their supplemental memorandum in support of motion to remand, attach their attorney's affidavit attempting to limit the damages recovered. Defendant suggests that plaintiff's claim of injuries in the form of a herniated disc is sufficient to exceed the jurisdictional threshold of $75,000.

Analysis

It is well settled that the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists.  However, the Fifth Circuit has applied different standards of proof, depending upon whether the complaint prays for a specific amount of damages.  Allen v R & H Oil and Gas Co., 63 F.3d 1326 (5th Cir. 1995).  Where the complaint alleges entitlement to damages which exceed the jurisdictional limits of the court, now $75,000, the court may refuse jurisdiction only if it appears to a legal certainty that the claim is really for less than the jurisdictional amount.  St. Paul Mercury Indemnity Co. v. Red Cab. Co., 58 S. Ct. 586 (1938).  Where a specific amount of damages is not set forth, the legal certainty test is not applicable.  Instead, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.  De Aguilar v. Boeing Co., 11 F.3d 55 (5th Cir. 1993) (DeAguilar I).

In Louisiana, plaintiffs are prohibited by state law from specifying the amount of damages sought. La. Code Civ. P., Art. 893.  In such a situation, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. De Aguilar I,

2

supra.  The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" from the complaint that the claims are likely above $75,000, or (2) "by setting forth the facts in controversy–preferably in the removal petition, but sometimes by affidavit–that support a finding of the requisite amount."  Allen, 63 F.3d  at 1335.  See Luckett v. Delta Airlines, Inc. 171 F.3d 295 (5th Cir. 1999). The parties may, however,  cite to a state statute for example, that prohibits recovery of more than the amount sought.  De Aguilar v. Boeing Co., 47 F.3d 1404 (5th Cir. 1995) (De Aguilar II). Otherwise, a litigant who wants to prevent removal must file a binding stipulation or affidavit with the petition. Id.

Removal may not be based upon conclusory allegations and the jurisdictional facts that support removal must be judged at the time of removal.

Once jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75, 000 generally do not divest the court of diversity jurisdiction. St. Paul Mercury, supra.  While post removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits or stipulations and amendments may be considered only if the basis for jurisdiction is ambiguous, that is not "facially apparent", at the time of removal.  Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880 (5th Cir. 2000); Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Columbia S. A., 988 F.2d 559, 565 (5th Cir. 1993), cert. den., 114 S. Ct. 685 (1994); St. Paul Mercury, supra.  See also,  (De Aguilar II). Any post petition affidavits or stipulations are allowable only if relevant to the time of removal.  Allen, 63 F.3d  at 1335.

Although plaintiff's petition does not allege entitlement to a specific amount of damages, it is  apparent on the face of the petition that the damages exceed the jurisdictional limit. The

3

petition asserts that plaintiff's injuries include "[d]isc herniation at C4-C5 moderately prominent in producing significant constriction of the cervical spinal cord." such a claim places the "amount in dispute" in this case at far above $75,000 even without considering the consortium claim or the other claimed injuries such as neck and back pain. See Fruge v. Hebert Oilfield Constr., Inc., 856 So.2d100, (La. App. 3rd Cir., 2003); Hoyt v. Grey Ins. Co., 809 So.2d 1076 (La. App. 4th Cir., 2002).

Further, plaintiffs' attempted stipulation that their damages do not exceed $75,000  would have to have been filed with the petition in order to have been effective.  De Aguilar II, supra. [1] Post removal events (such as a stipulation) may not deprive the court of jurisdiction, St. Paul Mercury, supra.[2]  Although a plaintiff may "clarify" the amount in dispute at the time of removal[3], here plaintiffs do not attempt to clarify the amount in dispute, but rather try to stipulate that the damages "will not exceed" $75,000 through an affidavit executed not by plaintiffs but by their attorney. Therefore, defendants have shown by a preponderance of the evidence that the jurisdictional limits of this court are met and plaintiffs' attorney's post removal affidavit is ineffective to destroy jurisdiction.

Plaintiffs also argue that diversity is not present because of state law venue and solidary obligor rules. However , state court procedural rules have nothing to do with the existence, *vel*

---

[1]  Here the stipulation was not filed at all because the plaintiffs' supplemental memorandum, to which the affidavit is attached was deficient.

[2]  Although Gebbia mentions the possibility that, where the amount in dispute is not facially apparent from the petition a stipulation may be considered, De Aguilar II expressly counsels that a  stipulation is effective only if filed with the petition. See also, discussion in Marcel, supra, and Arnold v. State Farm, 277 F.3d 772 at fn3, (5th C. 2001).

[3]  See De AguilarII, supra; Arnold, supra.

*non*, of federal jurisdiction. Similarly, whether solidary liability exists is not determinative of federal jurisdiction. Finally, plaintiffs suggest that Farmers, as UM carrier for plaintiffs, assumes the domicile of its insureds, the plaintiffs. Although no citation is supplied, plaintiffs are no doubt referring to the provisions of 28 U.S.C. 1332 (c)1 which provides that in a direct action against the insurer in a liability contract of insurance where the insured is not joined, the insurer is deemed to be a citizen of the state of the insured as well as of the state where it is incorporated and in which it has its principal place of business.

In this case, the claim is against an uninsured motorist carrier, not a liability carrier and is not a direct action. See Freeman v. Walley, 276 F.Supp. 597 (S.D.Miss 2003); Hernandez v. The Travelers Ins. Co., 489 F.2d 721 (5th Cir. 1974). See also, Sucic v. State Farm, 502 F. Supp. 719 (E.D. Penn. 1980). Farmers is thus not a citizen of Louisiana by virtue of the statute and complete diversity exists.

In summary, complete diversity exists and the amount in controversy exceeds $75,000.

For these reasons, plaintiffs' Motion to Remand, should be DENIED.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court.  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing.  Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 18TH day of April, 2007.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE